UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH ARTHUR MUNIZ,

        Petitioner,

                                Case No. 2:08-cv-11785

v.                             Honorable Patrick J. Duggan

WILLIE SMITH,

        Respondent.

_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 10, 2009.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

**I.**     **Introduction**

This matter is pending before the Court on Petitioner's application for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner Joseph Arthur

Muniz ("Petitioner") is currently incarcerated at the Bellamy Correctional Facility

in Ionia, Michigan. On August 30, 2004, following a jury trial in the Circuit Court

for Wayne County, Michigan, Petitioner was convicted of Assault with Intent to

Commit Murder (MCL § 750.83), Felon in Possession of a Firearm (MCL §

750.224(f)) and Felony Firearm (MCL § 750.227(b)). The trial court sentenced

Petitioner on September 14, 2004 as a second habitual offender (MCL § 769.10) to

a concurrent sentence of 29 years 6 months to 60 years for the assault with intent to murder conviction and 40 to 60 months for the felon in possession conviction, both of these terms to be served consecutive to a term of 2 years for the felony firearm conviction.  In his petition for a writ of habeas corpus, Petitioner claims that he is in custody in violation of his constitutional rights.  For the reasons stated below, the Court denies the petition for the writ of habeas.

**II.      Facts and Procedural History**

Petitioner was convicted of the above listed offenses on August 30, 2004 following a jury trial in Wayne County Circuit Court.  Petitioner filed a direct appeal with the Michigan Court of Appeals.

On September 21, 2006, the Michigan Court of Appeals affirmed Petitioner's conviction and sentence.  *People v. Muniz*, No. 259291, Mich. App. LEXIS 2769 (September 21, 2006) (unpublished opinion).  Petitioner then filed a delayed application for leave to appeal in the Michigan Supreme Court, which the Court subsequently denied.  *People v. Muniz*, 477 Mich. 1006, 726 N.W.2d 18 (2007).

The Court of Appeals summarized the facts relevant to Petitioner's conviction as follows:

> Defendant's convictions arise from the January 30,
> 2004, nonfatal shooting of his former girlfriend's
> boyfriend, who was shot in the arm and the head,
> resulting in the loss of his left eye.  Defendant fled the
> state after the shooting.  He was arrested at a motel
> after returning to Michigan with his father.  At trial,
> Defendant admitted that he was present and possessed
> a gun when the victim was shot, but claimed that some
> other, unidentified person shot the victim.

2

*Muniz*, Mich. App. LEXIS 2769, at *1.  The facts, as found by the Michigan Court

of Appeals, are presumed correct upon habeas review.  28 U.S.C. § 2254(e)(1);

*see also Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd*, 41

Fed. App'x 730 (6th Cir. 2002).  Additional facts pertinent to Petitioner's claims

are discussed in the applicable analysis section of this decision.

Petitioner, through counsel, filed a timely petition for a writ of habeas corpus

on April 30, 2008.  Petitioner seeks the issuance of a writ of habeas corpus on the

following grounds, which he previously raised in the Michigan Court of Appeals:

> I.  Petitioner was deprived of the right to present a defense and the
> effective assistance of counsel, when, as a result of the trial court's
> refusal to adjourn trial, newly retained counsel had only days to
> prepare for the trial of a capital offense, and was disabled from
> asserting a specified defense.
>
> II.  Petitioner was denied his Sixth Amendment right to call
> witnesses on his behalf and to present a complete defense where the
> trial court did not grant a sufficient amount of time for the defense to
> locate an expert witness.
>
> III.  Petitioner is entitled to a new trial because his Sixth Amendment
> right to the presence of counsel at a critical stage of proceedings was
> violated.
>
> IV.  Petitioner was denied his right to a fair trial by the Prosecutor's
> misconduct, where the Prosecutor impermissibly bolstered
> prosecution witnesses, denigrated defense witnesses and focused on
> [Petitioner's] bad character.
>
> V.  The trial judge deprived Petitioner of his state and federal
> constitutional rights to a fair trial by repeatedly interrupting and
> disparaging defense counsel.
>
> VI.  Petitioner is entitled to re-sentencing because the statutory
> sentencing guidelines were misscored as to offense variables 7 and

10 and the sentence is a departure from the statutory sentencing
guidelines imposed without compliance with departure requirements.

VII.  Petitioner is entitled to re-sentencing because judicial fact-
finding increased his authorized maximum sentence in violation of
his federal constitutional rights to a jury trial and to due process.

Respondent filed an answer to the petition on November 6, 2008.  Respondent

argues that Petitioner's second and fifth claims and part of his fourth claim in

support of his request for habeas relief are procedurally defaulted.  Respondent

argues that Petitioner's remaining claims are without merit.

## III.    Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

governs all habeas petitions filed after its effective date of April 24, 1996.  The

standard of review is found in 28 U.S.C. § 2254(d) which provides:

An application for a writ of habeas corpus on behalf of
a person in custody pursuant to the judgment of a State
court shall not be granted with respect to any claim
that was adjudicated on the merits in State court
proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or
involved an unreasonable application of, clearly
established Federal law, as determined by the
Supreme Court of the United States, or

(2) resulted in a decision that was based on an
unreasonable determination of the facts in light
of the evidence presented in the State court
proceeding.

Pursuant to this standard of review, a petitioner must show that the state

court's decision "was either contrary to, or an unreasonable application of, [the

4

Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639, 123 S. Ct. 1848, 1852-53 (2003). A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

"[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411. "Rather, it is the habeas applicant's burden to show that the state court applied [Supreme Court precedent] to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25, 123 S. Ct. 357, 360 (2002).

## IV.    Procedural Default

Respondent claims that Petitioner's second and fifth claim and part of his fourth claim are procedurally defaulted.  A procedural default occurs when a state procedure bars a petitioner's claim.  "[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263, 109 S. Ct. 1038, 1043 (1989) (citation and internal quotations omitted).  The failure to make a contemporaneous objection serves as an independent and adequate state-law bar.  See *United States v. Frady*, 456 U.S. 152, 167-69, 102 S. Ct. 1584, 1594-95 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

The last state court to render a decision with respect to Petitioner's conviction and sentence held that Petitioner procedurally defaulted his second, fourth (in part), and fifth claims based on his failure to request an adjournment and/or to object.  The Michigan Court of Appeals concluded that Petitioner's second claim was not preserved due to trial counsel's failure to request an adjournment.  The Court of Appeals found that Petitioner's fourth claim of prosecutorial misconduct relating to the comparison between the prosecution's expert witness and Petitioner was not preserved due to trial counsel's failure to specifically object.  The Court of Appeals also found that Petitioner's fifth claim of improper judicial conduct was not objected to at trial.

6

A federal court may excuse a procedural default if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565 (1991). Petitioner fails to establish cause for the default. Petitioner does assert that a fundamental miscarriage of justice will occur if he is not granted relief. However, the miscarriage of justice exception requires a petitioner to show that the alleged constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 326-27, 115 S. Ct. 851, 866-67 (1995). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Id*. at 324, 115 S. Ct. at 865. In this case, Petitioner has made no such showing.

Nevertheless, "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525, 117 S. Ct. 1517, 1523 (1997)); see also 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.") "Judicial economy might counsel giving the [other] question priority, for

7

example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525, 117 S. Ct. at 1523.

Despite Petitioner's procedural default, this Court finds that the interests of judicial economy are best served by addressing the merits of Petitioner's claims because the claims are easily resolvable on the merits.

## V.   Analysis

### A.   Trial court's failure to adjourn the trial to allow defense counsel more time to prepare

In his first claim for relief, Petitioner asserts that he was deprived of the right to present a defense and the right to the effective assistance of counsel when the trial court refused to adjourn the trial to allow Petitioner's newly retained counsel more time to prepare. Respondent argues that this claim is without merit because the trial court's decision to deny the request for an adjournment was appropriate in accordance with the facts and circumstances of the case and Petitioner fails to demonstrate prejudice as a result of the decision. In affirming the trial court, the Court of Appeals stated:

> Here, because defense counsel's request for an adjournment did not involve a claim that any particular witness or evidence was unavailable, we consider only whether defendant demonstrated good cause for an adjournment. Although defense counsel's request implicated defendant's right to have counsel prepare, investigate, and present all substantial defenses, the record also discloses that defendant was negligent in waiting until shortly before trial to retain counsel to replace appointed counsel. Defendant's negligence,

8

> coupled with defense counsel's failure to establish a
> specific need for an adjournment, beyond general
> preparation and unspecified follow-up work by a
> defense investigator, supports the trial court's decision
> to deny an adjournment. We agree that docket
> concerns would not alone support the denial of an
> otherwise proper request for an adjournment.
> Considering the record as a whole, however, the trial
> court did not abuse its discretion in denying the
> request.

*Muniz*, Mich. App. LEXIS 2769, at *2 (internal citations omitted). The decision

of the Michigan Court of Appeals, finding the denial of the request for

adjournment reasonable, is neither contrary to nor an unreasonable application of

Supreme Court precedent and is based upon a reasonable determination of the

facts.

The right of an accused to present a defense has long been recognized as "a

fundamental element of due process of law." *Washington v. State*, 388 U.S. 14,

19, 87 S. Ct. 1920, 1923 (1967). However, "[a] defendant's right to present

evidence is not unlimited, but rather is subject to reasonable restrictions." *United

States v. Scheffer*, 523 U.S. 303, 308, 118 S. Ct. 1261, 1264 (1998). "A

defendant's interest in presenting . . . evidence may thus bow to accommodate

other legitimate interests in the criminal trial process." *Id*. (internal quotations

omitted).

Petitioner contends that the trial judge was unreasonable in denying the

request for adjournment. The United States Supreme Court has stated that "[n]ot

every restriction of counsel's time or opportunity to investigate or to consult with

his client or otherwise to prepare for trial violates a defendant's Sixth Amendment right to counsel." *Morris v. Slappy*, 461 U.S. 1, 11, 103 S. Ct. 1610, 1616 (1983) (citing *Chambers v. Maroney*, 399 U.S. 42, 53-54, 90 S. Ct. 1975, 1982 (1970)). In addition, "[t]rial judges necessarily require a great deal of latitude in scheduling trials . . . broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary insistence upon the expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel." *Morris*, 461 U.S. at 11-12, 103 S. Ct. at 1616 (internal quotation omitted).

When defense counsel requested an adjournment, the trial judge emphasized that he had appointed counsel to prevent a delay in the event that Petitioner waited until the last minute to retain his own counsel. The judge found that Petitioner was negligent in waiting so long to retain counsel. Petitioner emphasizes the judge's concern for efficiency and the need to "keep this docket rolling" (8/25/04 Trial Tr. at 5), but the Michigan Court of Appeals recognized that time was not the only reason that the trial court denied the adjournment. Defendant's negligence played a large part in the decision. The late retention of counsel was within Petitioner's control and Petitioner failed to show good cause for the adjournment.

The United States Supreme Court has analyzed claims of ineffective assistance of counsel under analogous circumstances. In *United States v. Cronic*, 466 U.S. 648, 104 S. Ct. 2039 (1984), the Court discussed situations where the ineffective assistance of counsel would be presumed, but advised that "every

10

refusal to postpone a criminal trial will not give rise to such a presumption." *Id*. at

661, 104 S. Ct. at 2048. The Court in *Cronic* went on to discuss *Avery v.*

*Alabama*, 308 U.S. 444, 60 S. Ct. 321 (1940):

> [C]ounsel was appointed in a capital case only three
> days before trial, and the trial court denied counsel's
> request for additional time to prepare. Nevertheless,
> the Court held that since evidence and witnesses were
> easily accessible to defense counsel, the circumstances
> did not make it unreasonable to expect that counsel
> could adequately prepare for trial during that period of
> time. Similarly, in *Chambers v. Maroney*, 399 U.S. 42
> (1970), the Court refused to fashion a per se rule
> requiring reversal of every conviction following tardy
> appointment of counsel. Thus, only when surrounding
> circumstances justify a presumption of ineffectiveness
> can a Sixth Amendment claim be sufficient without
> inquiry into counsel's actual performance at trial.

*Cronic*, 466 U.S. at 661-62, 104 S. Ct. at 2048 (internal citations and quotations

omitted).

The factual circumstances of the request for adjournment in Plaintiff's case

were similar to those in *Avery*. In this case, defense counsel had received prior

counsel's discovery materials five days before the trial began and materials

generated by the investigator the night before trial. (08/25/04 Trial Tr. at 3-4.)

Evidence and witnesses were accessible to defense counsel. There is nothing in

the record which indicates that defense counsel could not prepare for trial with the

materials on hand. Likewise, there is nothing which indicates that further

investigative work would have produced another eyewitness, let alone one who

would testify that someone else was the shooter. Defense counsel provided this as

11

the basis for his request:  "we just don't have our defense as well as in place as I
would like to have it."  (08/25/04 Trial Tr. at 4.)  The right to present a defense
and the right to the effective assistance of counsel do not mandate that a trial
cannot begin until defense counsel as explored every imaginable defense.

For the above reasons, Petitioner's request for relief based on this first
claim is denied.

### B.    Trial court's failure to grant more time to locate expert witness

Petitioner's second claim is that the trial judge erred in refusing the defense
counsel more time to locate an expert witness to review the victim's medical
records and determine the entrance and exit locations of the bullet that entered the
victim's face.  Respondent argues that the issue was not preserved at trial when
defense counsel expressed a need to have someone review the victim's medical
records, but did not request an adjournment.  The Michigan Court of Appeals
rejected Petitioner's claim, stating:

> Here, whether the victim was shot in the front or back
> of the head was not totally outside the range of
> litigated matters, inasmuch as the victim testified that
> defendant was pointing the gun at his face when he
> was shot in the eye.  Dr. David Morro's opinion that
> the gunshot wound entered the left eye, and Aaron
> Martinson's testimony that he saw defendant shoot the
> victim in the face, corroborated the victim's testimony.
> But whether the victim was shot in the front or back of
> the head would not have aided defendant's theory that
> an unidentified man on a porch may have shot the
> victim, inasmuch as defendant testified that he did not
> see the direction from which the victim was shot.

*** 

12

> Even assuming that good cause existed, however, there
> is nothing in the record to indicate that defendant could
> have found an expert willing to testify that the victim
> was shot in the back of the head by anyone, let alone
> someone standing on the porch of a nearby house.
> Thus, defendant has failed to show that he was
> prejudiced by the lack of an adjournment.
> Accordingly, the trial court's failure to adjourn trial in
> response to defense counsel's expressed preference to
> have someone look at the victim's medical records was
> not plain error.

*Muniz*, Mich. App. LEXIS 2769, at *3 (internal citations omitted).  This decision

is neither contrary to nor an unreasonable application of Supreme Court precedent.

"Just as an accused has the right to confront the prosecution's witnesses for

the purpose of challenging their testimony, he has the right to present his own

witnesses to establish a defense.  This right is a fundamental element of due

process of law." *Washington v. Texas*, 388 U.S. 14, 19, 87 S. Ct. 1920, 1923

(1967).  However, the right to present a defense is not violated without some

showing of prejudice.  The United States Supreme Court has stated that "proof of

prejudice is generally a necessary but not sufficient element of a due process

claim." *United States v. Valenzuela-Bernal*, 458 U.S. 858, 869, 102 S. Ct. 3440,

3447 (1982) (quotation and citation omitted).  In *Valenzuela-Bernal,* the defendant

was prevented from presenting witnesses when the government deported the

witnesses as illegal aliens.  The Court held that a defendant must also establish the

materiality of the witness' testimony and that the defendant had not done so.  458

U.S. at 872, 102 S. Ct. 3449.  "Such an absence of fairness is not made out by the

13

Government's deportation of the witnesses in this case unless there is some explanation of how their testimony would have been favorable and material." *Id.*

The Sixth Circuit has identified several factors relevant to whether the denial of a continuance resulted in the denial of due process: "the diligence of the defense in interviewing witnesses and procuring their presence, the probability of procuring their testimony within a reasonable time, the specificity with which the defense is able to describe their expected knowledge or testimony, the degree to which such testimony is expected to be favorable to the accused, and the unique or cumulative nature of the testimony." *Bennett v. Scroggy*, 793 F.2d 772, 774 (6th Cir. 1986) (citation omitted). Considering these factors, Petitioner has not shown that an expert witness' testimony would have been favorable or material to his defense.

Petitioner's trial counsel had no expert witness ready to testify, there was little probability of procuring testimony within a reasonable time, and the defense was not certain that an expert would have testified favorably to Petitioner. Moreover, the trial judge found that, even if there was an expert ready to testify, the testimony would have been immaterial given the volume of other testimony against Petitioner and because evidence contradicting Dr. Morro's testimony regarding the direction of the bullet would not negate Petitioner's guilty. The facts show that there was ample evidence for the jury to find Petitioner guilty aside from the expert testimony of Dr. Morro. Further, defense was able to thoroughly cross-examine Dr. Morro. There were eyewitnesses who were available and who

14

did testify as to the events prior to and during the shooting.  The victim testified that it was Petitioner who shot him.

In short, Petitioner only has speculated that an unidentified expert witness would have provided assistance to his case.  Therefore, Petitioner's request for relief on this claim is denied.

### C.   Presence of counsel at a critical stage of proceeding

In his third habeas claim, Petitioner alleges that his trial counsel was absent during a critical stage of the proceeding, ultimately resulting in the ineffective assistance of counsel.  Specifically, Petitioner alleges that his counsel was asleep during the government's cross-examination of Petitioner.  Respondent argues that trial counsel's performance was neither unreasonable, nor prejudicial to Petitioner.

The Michigan Court of Appeals rejected Petitioner's claim on direct appeal, stating:

> The existing record does not factually support this unpreserved claim.  Moreover, it is generally impermissible to expand the record on appeal.  An affidavit submitted for the first time with an appellate brief may not serve to enlarge the record.  Although this Court is empowered to grant relief as the case may require, this Court previously denied defendant's motion to remand for failure to persuade the Court of the necessity of remand.  Furthermore, upon considering the affidavit offered by defendant for the purpose of determining whether the case should now be remanded, we similarly conclude that a remand is not required because defendant has not established that an evidentiary hearing to substantiate his position is warranted.

> A claim of ineffective assistance of counsel generally requires a showing of both deficient performance and prejudice.  The result of the proceeding must be fundamentally unfair or unreliable.  Here, defendant does not allege prejudice.  Although there are circumstances in which prejudice will be presumed, claims that a defense attorney was inattentive or unconscious during a trial do not generally arise to this level unless the circumstances show that counsel's repeated bouts of unconsciousness were significant enough that the fairness of the trial could not be trusted.

*Muniz*, Mich. App. LEXIS, at *5-6 (internal citations omitted).  This decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof.

The Sixth Amendment right to counsel includes the right to the effective assistance of counsel.  The standard for evaluating an ineffective assistance of counsel claim is summarized as follows:

> An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense.  To establish deficient performance, a petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness.  We have declined to articulate specific guidelines for appropriate attorney conduct and instead have emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms.

*Wiggins v. Smith*, 539 U.S. 510, 521, 123 S. Ct. 2527, 2535 (2003) (citing

*Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2057 (1984)

(internal quotations omitted)).  There are a few exceptions where *Strickland* does

not apply and prejudice will be presumed.  *U.S. v. Cronic*, 466 U.S. 648, 659-60, 104 S. Ct. 2039, 2047 (1984).  Circuit Courts have held that "when a defendant's attorney is asleep during a substantial portion of his trial, the defendant has not received the legal assistance necessary to defend his interests at trial" and prejudice is presumed.  *Javor v. United States*, 724 F.2d 831, 834 (9th Cir. 1984); see also *Tippins v. Walker*, 77 F.3d 682 (2d Cir. 1996) (holding that prejudice was presumed when the attorney slept during a substantial portion of the trial).

In this case, Petitioner alleges that counsel's performance was deficient when he fell asleep during the government's cross-examination of Petitioner and therefore was absent at a critical stage of the trial.  In support of his assertion, Petitioner has submitted the affidavit of one juror, taken almost a year after the trial.  In the affidavit, this juror states: "While the prosecutor was cross-examining Mr. Muniz, I glanced at defense table and was surprised to see that Mr. Muniz' defense attorney sleeping [sic].  It was apparent to me that Mr. Muniz' attorney was actually sleeping through a portion of his client's testimony."  (Doc. 7-14 at 73.)  Petitioner contends that *Cronic* is the correct standard to apply and ultimately requests that this Court hold an evidentiary hearing to determine whether his trial counsel was in fact absent during a critical period of the trial.

This Court may consider an evidentiary hearing if the petition "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing."  *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002).  The Michigan Court of Appeals did not hold an evidentiary

17

hearing.  Therefore, this Court must determine whether Petitioner has alleged

sufficient grounds for release and whether relevant facts are in dispute.  See *Id*.  In

this case, Petitioner has not provided sufficient evidence to show that there is a

dispute whether trial counsel was sleeping.

There is no indication in the record that defense counsel fell asleep during

any portion of, much less a significant portion of the trial, including Petitioner's

testimony.  In fact the record indicates to the contrary, as defense counsel objected

near the end of the cross-examination of Petitioner.  (08/26/04 Trial Tr. at 118.)

Petitioner provides little evidence to support the allegations and to persuade this

Court that trial counsel was asleep during a substantial portion of his trial.  This

Court agrees that if trial counsel was sleeping during a substantial portion of the

trial, *Cronic* would apply.  However, because Petitioner fails to present facts to

support such an assertion, an evidentiary hearing is not warranted and *Strickland* is

the applicable standard.  Accordingly, Petitioner must show that counsel's

deficient performance prejudiced his defense, which he fails to do.  *Strickland*,

466 U.S. at 694, 104 S. Ct. 2052.  Petitioner is not entitled to relief based on his

claim that his counsel was asleep during the government's cross-examination of

Petitioner.  Therefore, Petitioner's request for relief on this claim is denied.

In addition to trial counsel's alleged dozing during trial, Petitioner raises

defense counsel's arrest and conviction for possession of cocaine and his

subsequent suspension from the practice of law to support his claim of ineffective

assistance of counsel.  However, nowhere does Petitioner establish facts which

support that counsel was using drugs at the time of the trial or that show prejudice as a result of counsel's prior drug use. Counsel was arrested in July, 2004 and was formerly charged on August 5, 2004, almost three weeks before he appeared as the attorney of record in the instant case. Counsel still maintained his license to practice law at the time of the trial.

It is entirely speculative whether defense counsel was using drugs during his representation of Petitioner or whether his drug use affected his performance. Petitioner has not alleged any deficiencies in defense counsel's performance other than the allegations that he fell asleep during the government's cross-examination of the Petitioner. The *Strickland* standard applies to claims of ineffective assistance of counsel due to drug use; prejudice is not presumed. *See, e.g., Berry v. King*, 765 F.2d 451, 454 (5th Cir. 1985) (employing the *Strickland* standard for allegations of attorney drug use). Petitioner has failed to show that he was prejudiced due to counsel's prior drug use. Therefore, Petitioner's ineffective assistance of counsel claim due to counsel's prior drug use fails.

### D.    Prosecutorial misconduct

Petitioner next alleges in his fourth claim for habeas relief that the prosecutor improperly bolstered the prosecution's witness, Dr. Morro, and attacked Petitioner's character in closing arguments when the prosecutor compared Petitioner's relationship with his (Petitioner's) mother to Dr. Morro's relationship with his (Dr. Morro's) mother. Additionally, Petitioner alleges that

the prosecutor denigrated defense witness William Muniz, Petitioner's father, by accusing the witness of criminal behavior.

Respondent argues that Petitioner's prosecutorial misconduct claim regarding comparisons between Dr. Morro and Petitioner is procedurally defaulted because it was not objected to at trial. Respondent further argues that Petitioner's prosecutorial misconduct claim regarding William Muniz is meritless. The Michigan Court of Appeals agreed, stating as follows:

> We find no merit to defendant's claim that the prosecutor's remarks during closing argument deprived him of a fair trial.
>
> In general, a claim of prosecutorial misconduct is a constitutional issue reviewed de novo by an appellate court. Where a defendant does not timely and specifically object, however, we review the issue for plain error.
>
> Although defense counsel objected to the prosecutor's closing argument that defendant brought his mother nothing but grief, defendant did not raise the issue now raised on appeal concerning whether the prosecutor made improper arguments regarding the character of defendant and Dr. Morro. Examined in context, the record does not support defendant's argument that the prosecutor was attempting to either bolster Dr. Morro's testimony or suggest that the jury infer from defendant's character that he was guilty of the assault charge. Rather, the prosecutor was addressing the credibility of defendant's mother, a prosecution witness whose character and credibility were attacked by defendant in his testimony. The prosecutor did not ask the jury to infer from defendant's character that he committed the shooting, but to consider the demeanor of defendant's mother when testifying at trial and her relationship with defendant when assessing the credibility of her testimony that defendant confessed to

being the shooter.  The prosecutor was not required to state his argument in the blandest of terms.  Hence, it is not apparent that the prosecutor's conduct was improper.  Even if there was error and it was plain, however, the trial court's instructions to the jury that the attorney's arguments are not evidence and that it must decide the case based on the evidence, and its instructions discussing the factors affecting credibility, including the relationship of the parties, demeanor, and motive for testifying, were sufficient to dispel any possible prejudice.

Further, defendant has not established that the prosecutor engaged in misconduct by accusing defendant's father of engaging in criminal activity.  Although it is impermissible to argue that a defense witness was a party to a crime when the argument lacks supporting evidence, a prosecutor may argue reasonable inferences from the evidence.  The fact that defendant's father did not admit to engaging in criminal activity and offered explanations for his conduct is not dispositive of whether the prosecutor's argument was proper.  It was reasonable for the prosecutor to argue from defendant's father's admitted conduct of telling defendant to dispose of his gun, taking defendant to a motel room, and taking defendant's clothes to wash that defendant's father was assisting defendant in destroying evidence and hiding defendant from the police.  Therefore, the prosecutor's argument was not improper.  Defendant was not denied a fair and impartial trial.

*Muniz*, Mich. App. LEXIS, at *7-8 (internal citations omitted).  This decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof.

To prevail on a prosecutorial misconduct claim, a petitioner must demonstrate that the prosecutor's conduct or remarks, taken in the context of the entire trial, were prejudicial and "so infected the trial with unfairness as to make

21

the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S. Ct. 1868, 1871 (1974).  "The petitioner must first show that the prosecutor's conduct was improper and so flagrant as to render the entire trial fundamentally unfair." *Johnson v. Bagley*, 544 F.3d 592, 596 (6th Cir. 2008) (quoting *Gillard v. Mitchell*, 445 F.3d 883, 897 (6th Cir. 2006)).  To make this determination, the courts consider factors such as "the severity of the misconduct, the sufficiency of any curative judicial instructions, and the likelihood that the misconduct affected the outcome of the case." *Pagano v. Allard*, 218 F. Supp. 2d 26, 34 (D. Mass.,  2002) (citations omitted).

Petitioner has not shown cause for the failure to specifically object to the prosecutor's comparisons between Dr. Morro and Petitioner during closing arguments.  Additionally, Petitioner has not shown that he was unfairly prejudiced by the remarks or that a fundamental miscarriage of justice occurred in allowing the prosecutor's remarks.  Even construing defense counsel's objection broadly, Petitioner has not shown that the prosecutor's remarks were so flagrant as to render the entire trial fundamentally unfair.  As the Court of Appeals noted, the trial court's instruction to the jury was sufficient to dispel any possible prejudice concerning the comparison between Dr. Morro and Petitioner.  It is unlikely that the prosecutor's remarks during closing argument affected the outcome of the case.  There was overwhelming evidence, including eyewitness testimony, which established Petitioner's guilt.

With regard to the testimony of William Muniz, the prosecutor was allowed to argue reasonable inferences from the evidence during closing arguments. Petitioner has not shown that the prosecutor's statements regarding William Muniz were so flagrant as to render the entire trial fundamentally unfair. Therefore, both of Petitioner's prosecutorial misconduct claims are without merit.

### E.  Trial Judge's interruption and disparagement of defense counsel

Petitioner's fifth habeas claim alleges improper conduct by the trial judge. Petitioner alleges that the trial judge repeatedly interrupted and disparaged defense counsel, thus implicating Petitioner's right to a fair trial.  Respondent argues that this claim is procedurally defaulted because it was not specifically objected to at trial and therefore was not properly preserved for appeal.  The Court of Appeals analyzed this unpreserved challenge for plain error and stated:

> Viewing the trial court's conduct in context, it is not clear or obvious that the court pierced the veil of judicial impartiality at trial.  To the extent that defendant challenges remarks made by the trial court outside the jury's presence, those remarks could not have deprived defendant of a fair and impartial trial. The trial court's other challenged remarks were made in the context of making evidentiary rulings sua sponte or in response to the prosecutor's objections.  A trial court has a duty to limit evidence to relevant and material matters.  Although a trial court should, to the extent practical, make evidentiary rulings outside the presence of the jury, we find nothing in the record to indicate that the trial court's rulings in the presence of the jury in this case were so intemperate as to hold defense counsel in contempt in the eyes of the jury. Partiality is not established by a trial court's expression of impatience, dissatisfaction, annoyance, or even anger, which are within the bounds of what

> imperfect men and women sometimes display.
> Therefore, this unpreserved issue does not warrant
> reversal.

*Muniz*, Mich. App. LEXIS, at *5 (citations omitted).  This decision is neither

contrary to nor an unreasonable application of Supreme Court precedent.  A state

post-conviction court's finding of a lack of bias by a state trial judge is a factual

issue which is presumed correct upon habeas review.  *Villafuerte v. Stewart*, 111

F.3d 616, 632 (9th Cir. 1997), *cert. denied*, 522 U.S. 1079, 118 S. Ct. 860 (1998).

It is well established that judges must conduct trials "in an orderly way with

a view to eliciting the truth and to attaining justice between the parties" and "to

see[ing] that the issues are not obscured and that the testimony is not

misunderstood."  *Knapp v. Kinsey*, 232 F.2d 458, 466 (6th Cir. 1956).  Judicial

bias is rare and often difficult to show.  "[J]udicial remarks . . . that are critical or

disapproving of, or even hostile to, counsel, the parties, or their cases ordinarily do

not support a bias or partiality challenge."  *Litkey v. United States*, 510 US 540,

555, 114 S. Ct. 1147 (1994). Even opinions formed by a judge "do not constitute a

basis for a bias or partiality motion unless they display a deep-seated favoritism or

antagonism that would make fair judgment impossible."  *Id.*  The question is

whether Petitioner can show "bias, or such a likelihood of bias or an appearance of

bias that the judge was unable to hold the balance between vindicating the

interests of the court and the interests of the accused."  *Ungar v. Sarafite*, 376 U.S.

575, 588, 84 S. Ct. 841, 849 (1964); see also *Lyell v. Renico*, 470 F.3d 1177 (6th

Cir. 2006).

Petitioner points to several instances during the trial where the judge interrupted defense counsel. Reading the transcript in context and in its entirety, it is clear that the trial judge's remarks were within the bounds of proper judicial behavior. The trial judge reigned in questioning of both the prosecutor and defense counsel to relevant matters. He both sustained and overruled objections by *both* parties. There is no indication in the record that his words or actions were biased against Petitioner in such a way as to make the trial unfair. This Court finds no merit to this defaulted claim.

### F. Sentencing errors for misscoring offense variables 7 and 10.

Petitioner's sixth claim is that the trial court misscored Offense Variables 7 and 10 and the trial court improperly departed from the statutory sentencing guidelines. Respondent correctly points out that Petitioner's sentencing claims are either not cognizable upon federal habeas review or are otherwise without merit. "Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeds the statutory limits or is wholly unauthorized by law." *Baldwin v. Metrish*, No. 08-CV-11323, U.S. Dist LEXIS 48406, at *5 (E.D. Mich. Jun. 25, 2008) (citing *Lucey v. Lavigne*, 185 F. Supp.2d 741, 745 (E.D. Mich. 2001)).

The statutory maximum for assault with intent to murder is life imprisonment and Petitioner was sentenced to a maximum of 60 years. Therefore, his sentence is within the statutory maximum. "Simply because a petitioner

25

disagrees with the trial court's ruling does not mean that the state court erred. And even if the state court did miscalculate the guidelines, Petitioner is not entitled to relief from this Court." *Baldwin*, U.S. Dist. LEXIS 48406, at *8 (citing *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001)). Petitioner is not entitled to habeas relief on this claim.

### G.  Judicial fact-finding increased the authorized maximum sentence

In his final ground for habeas relief, Petitioner claims that his Sixth Amendment right to a jury trial was violated by the trial judge considering factors to score his sentencing guidelines range that had neither been submitted to a jury and proven beyond a reasonable doubt nor admitted to by Petitioner. In support of this claim, Petitioner relies on *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). In *Blakely*, the Supreme Court held that, other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id*. at 304-05, 124 S. Ct. at 2538. Petitioner's reliance on *Blakely* fails for two reasons.

First, the maximum sentence for assault with intent to murder is life imprisonment. Petitioner's sentence of sixty years for this offense is within the statutory limit. Second, *Blakely* involved a trial court's departure from a determinate sentencing scheme. Michigan has an indeterminate sentencing scheme in which the trial court sentences the defendant within a minimum and a maximum sentence. *Blakely* therefore has no application to Petitioner's sentence.

The Court in *Blakely* explained that indeterminate sentencing schemes, like Michigan's, do not infringe on the province of the jury and therefore do not violate the Sixth Amendment.  542 U.S. at 304-05, 308-09, 124 S. Ct. at 2538, 2540-41. Accordingly, the trial court's consideration of facts not determined by the jury in calculating Petitioner's sentencing guidelines range did not violate Petitioner's rights under the Sixth Amendment.

**VI.     Conclusion**

Based on the foregoing analysis, Petitioner is not entitled to a writ of habeas corpus on any of the claims asserted in his petition.  He also has not shown that an evidentiary hearing is warranted on his ineffective assistance of counsel claim.

Accordingly,

**IT IS ORDERED**, that the petition for the writ of habeas corpus is **DENIED**.


                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE


Copies to:
Peter C. Samouris, Esq.
Andrew L. Shirvell, Esq.