UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH ARTHUR MUNIZ,

      Petitioner,                                 Civil Case No. 08-11785
                                                    HONORABLE PATRICK J. DUGGAN

v.

WILLIE SMITH

      Respondent,
_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## CERTIFICATE OF APPEALABILITY

Petitioner Joseph Arthur Muniz ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which this Court subsequently denied on September 10, 2009. Petitioner seeks to appeal the Court's decision with respect to the issues presented in his habeas petition. He therefore filed a request for a certificate of appealability from this Court on October 7, 2009. 28 U.S.C. § 2253.

Section 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). As the Supreme Court has stated:

> ". . . the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further."

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3394 n.4 (1983) (quoting

*Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980)) (emphasis added and internal citation and quotation marks omitted). As the Supreme Court more recently stated, when a district court denies a habeas petition on the merits of the claims presented, a certificate may issue if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).

This Court dismissed Petitioner's application for a writ of habeas on its merits. Petitioner raised the following claims in support of his petition:

1. deprivation of his right to present a defense and the right to the effective assistance of counsel based on the trial court's failure to adjourn the trial to allow Petitioner's newly appointed counsel more time to prepare;

2. deprivation of his right to present a defense based on the trial court's failure to grant Petitioner more time to locate an expert witness;

3. ineffective assistance of trial counsel during a critical stage of the proceeding;

4. prosecutorial misconduct;

5. improper conduct by the trial judge;

6. sentencing errors.

In his ineffective assistance of counsel claim, Petitioner asserted that his trial counsel was asleep during a critical stage of the proceeding (i.e. the government's cross-examination of Petitioner) and that counsel was arrested for possession of cocaine shortly before he

appeared as the attorney of record in Petitioner's case and subsequently was convicted and suspended from the practice of law.

While the Court continues to believe that Petitioner is not entitled a writ of habeas corpus for the reasons set forth in its Opinion and Order of September 10, 2009, the Court believes that the issue specifically identified above– i.e. his ineffective assistance of counsel claim– may be "debatable among jurists of reason." For this reason, the Court does not believe that Petitioner should be denied the opportunity to seek appellate review of this issue. The Court does not find the remaining issues raised in the petition debatable among jurists of reason.

Accordingly, the Court holds that Petitioner is entitled to a certificate of appealability with respect to the following issue, only:

> (1) Whether Petitioner was denied the effective assistance of trial counsel

**SO ORDERED.**

                                                      s/PATRICK J. DUGGAN
                                                      UNITED STATES DISTRICT JUDGE

Copies to:
Joseph A. Muniz, #340730
Earnest C. Brooks Correctional Facility
2500 S. Sheridan Drive
Muskegon Heights, MI 49444

Peter C. Samouris, Esq.
Andrew L. Shirvell, Esq.